UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 08-14051-CIV-MOORE/LYNCH

DANIEL E. KOWALLEK,

    Plaintiff,

vs.

DONNA M. PRESTIA,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon review of Plaintiff's Motion to Reconsider (dkt # 38), Reinforcement of Motion to Reconsider (dkt # 41), and New Information and Motion to Vacate (dkt # 44).

UPON CONSIDERATION of Plaintiff's Motions and being otherwise fully advised in the premises, the Court enters the following order:

The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). Federal Rule of Civil Procedure 60(b) also allows relief "from a final judgment, order, or proceeding" when there has been "fraud . . . misrepresentation, or other misconduct of an adverse party."

Plaintiff's Motions for Reconsideration fail to raise any argument that meets one of the three reconsideration criteria listed above. Pursuant to Title 28 U.S.C. §1442(a)(1), Defendant is a person acting under an officer of the United States; therefore, removal is proper. Further, "the

federal officer provision is not narrow or limited, but instead is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." Swanstrom v. Teledyne Continental Motors, Inc., 531 F. Supp. 2d 1325, 1330 (S.D.Ala. 2008) (internal quotations omitted). Defendant has raised the defense of immunity arising out of her duties as a federal employee.

Plaintiff next argues that removal was untimely because Defendant removed more than thirty days after Defendant received the initial pleading. Defendant maintains that service of process has still not been properly achieved, which prevents initiation of the thirty day removal period. Regardless of whether the thirty day removal period has begun, untimely removal is a procedural defect not a jurisdictional defect. See Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1076-77 (10th Cir. 1999). A defect in removal procedure does not automatically warrant a remand as long as the district court has subject matter jurisdiction. Id. at 1080. There has been no allegation that this Court lacks subject matter jurisdiction over this controversy.

In addition, the Eleventh Circuit has instructed that "the purpose of section 1442(a)(1) is to 'permit the removal of those actions commenced in state court that expose a federal official to potential civil liability or criminal penalty for an act performed. . . .' [Further], 'the removal statute is an incident of federal supremacy, and that one of its purposes was to provide a federal forum for cases where federal officials must raise defenses arising from their official duties.'" Mangin v. Teledyne, 91 F.3d 1424, 1427 (11th Cir. 1996).

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Reconsider (dkt # 38), Reinforcement of Motion to Reconsider (dkt # 41), and New Information and Motion to Vacate (dkt # 44) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   United States Magistrate Judge Frank J. Lynch
      All Counsel of Record