UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14051-CIV-MOORE/LYNCH

DANIEL E. KOWALLEK,

    Plaintiff,

v.

DONNA M PRESTIA,

    Defendant.
_____/



FILED by ___ D.C.
AUG 28 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S COMPLAINT FOR INJUNCTION (DE 72)

**THIS CAUSE** comes before this Court upon the above filing, which this Court construes as a Motion for Preliminary Injunction. Having reviewed the Motion, the Response thereto, and the Reply, this Court recommends as follows:

### BACKGROUND

1. The Plaintiff brings suit against the Defendant in order to compel her cooperation in his investigation of suspected identity theft as well as to recover damages. What initially aroused the Plaintiff's suspicion was a letter dated May 15, 2007 that he received from the Defendant. Ms. Prestia wrote to acknowledge receipt of an inquiry into the Delphi Corporation's pension waiver request. She informed him that her office could "neither confirm nor deny that a request for a [waiver] ruling is pending before the Service, nor provide you with any information

Page 1 of 6

relating to such a request."

2.   On May 23, 2007 the Plaintiff wrote Ms. Prestia back to say that he never sent such an inquiry. He asked for "any information you can give me regarding that letter as it is obviously a fraudulent one if it claims to have been sent by me." The Plaintiff continued thereafter to write the Defendant and the Internal Revenue Service seeking information and help regarding the suspected fraud and impersonation.

3.   The Plaintiff unequivocally denies having written Ms. Prestia before May 15, 2007. Curiously, however, the Plaintiff attaches to his Complaint (DE 1) a letter he (or someone purporting to be him) had written on December 18, 2006 to the Internal Revenue Service. The purpose of the letter was to object to the Delphi Corporation's waiver application from its pension's minimum funding standard. This letter bears a signature similar to his and is signed as a "Delphi Retiree". The Plaintiff does not account for this particular letter other than to deny that the December 18th, 2006 waiver objection and Ms. Prestia's May 15th, 2007 answer share any proven connection.

4.   As for the Defendant, she denies having personally issued the May 15th, 2007 answer. Instead she explains that correspondence issued by her office, the IRS Employee Plans Actuarial Group 2 of which she manages, routinely bear her signature block.

5. The Plaintiff seeks to compel the Defendant's cooperation to help him take preventative measures against identity theft or other harm. The Plaintiff seeks cooperation in the form of (1) obtaining the "unspecified letter" which prompted Ms. Prestia's May 15th, 2007 answer and (2) being informed of all actions the Defendant is taking in this effort. In this way the Plaintiff's requested injunctive relief mirrors the relief he seeks in his Complaint, although here he seeks such relief preliminarily in order to ward against any identity theft during the pendency of the lawsuit.

## **DISCUSSION**

For a preliminary injunction to issue, the Plaintiff must clearly establish each of the following criteria: (1) a substantial likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, (3) a threat of harm that outweighs whatever injury the proposed injunction may impose upon the Defendant, and (4) if issued, that the injunction would not be adverse to the public's interest. A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the Plaintiff can clearly satisfy his burden of persuasion as to each of the four prerequisites. In other words, the granting of a preliminary injunction is the exception rather than the rule. See Four Seasons Hotels and Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003) (citing, in part, McDonald's Corp. v.

Robertson, 147 F.3d 1301 (11th Cir. 1998)).

Simply put, the nature of the Plaintiff's requested relief does not lend itself well to a preliminary injunction. First and foremost granting the instant Motion essentially would accelerate the Plaintiff's relief on the merits. Other than timing, there is little difference between compelling the Defendant's help now verses after a ruling on the merits. The only substantive difference is that the Plaintiff seeks no damages at this time.

This of course brings the inquiry around to the question of whether such relief is warranted now. The Plaintiff must demonstrate a threat of irreparable injury, but such is not evident under these facts. This Court appreciates the Plaintiff's concerns over identity theft and fraud, but its mere possibility is insufficient by itself. There is no showing of an actual or imminent threat of harm. The Plaintiff proffers no evidence of any attempts at fraud, impersonation, or identity theft related to the Delphi inquiry, and indeed the Plaintiff proffers no evidence of fraudulent activity of any type. Moreover there is no showing that a monetary award would not compensate the Plaintiff for any harm, should some such harm arise.

The only suggestion of fraud or impersonation comes from the Defendant's May 15th, 2007 answer, but this event still does not go so far as to suggest an actual threat of harm. The correspondence did not concern a request for information of an

obvious confidential or personal nature to the Plaintiff. Rather it concerned a business matter of a third party, the Delphi Corporation. The Defendant, in turn, did not release any patently confidential or personal information, and to the extent she or her office did correspond on matters, the correspondence was directed to him at his address. Ultimately the concerns the Plaintiff raises boil down to what prompted the Defendant's May 15th, 2007 answer in the first place, and the Plaintiff seeks an injunction for the very purpose of obtaining this information. However the Court's discovery rules provide an adequate means of obtaining this same information, thereby mooting to a large extent the need for preliminary injunctive relief.

On one final matter, this Court rules on the Motion without need of a hearing. First the Motion fails to meet a preliminary injunction's prerequisites for reasons of a more basic, fundamental nature; the Motion does not turn on witness credibility or factual disputes. And secondly the Defendant, whom a hearing is meant to protect, cf. McDonald's Corp., 147 F.3d at 1311, does not request one.

**ACCORDINGLY,** this Court recommends to the District Court that the Plaintiff's Complaint for Injunction be **DENIED**. The Plaintiff does not satisfy the requirements for preliminary relief, and instead his claims should be resolved in the regular course of litigation.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 27th day of August, 2008.

```
                                    FRANK J. LYNCH, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

cc: Hon. K. Michael Moore
    Stefanie C. Moon, AUSA
    Daniel E. Kowallek, pro se