UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14051-CIV-MOORE/LYNCH

DANIEL E. KOWALLEK,

    Plaintiff,

v.

DONNA M PRESTIA,

    Defendant.
_____/



FILED by ___ D.C.

SEP 1 1 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 69)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion and the accompanying Memorandum of Law and Statement of Material Facts, the Defendant's Response, and the Plaintiff's Reply, this Court recommends as follows:

    1.    A more detailed factual background can be found in this Court's previous Report and Recommendation of August 28, 2008. For instant purposes suffice it to say that the case concerns the Plaintiff's investigation into a suspected occurrence of impersonation. The Plaintiff received a letter from the Employee Plans Actuarial Group 2 of the Internal Revenue Service dated May 15, 2007 and bearing the Defendant's signature as the division manager, a letter which the Plaintiff says came completely unexpectedly. The purpose of the Defendant's May 15th, 2007 letter was to answer an objection to a pension plan waiver

request filed by the Delphi Corporation. However the Plaintiff denies having made any inquiry that would have generated the May 15th, 2007 response.

2.  Concerned that someone had impersonated him, the Plaintiff began writing the Defendant asking for help. After his three letters went unanswered, he brought suit in order to compel the Defendant's cooperation. The Plaintiff now moves for summary judgment, limited to establishing that the "Defendant has served to 'block' Plaintiff's investigation of suspected impersonation to the detriment of Plaintiff's ability to protect against possible misdoing."

3.  A movant is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. See Fed. R. Civ. P. 56, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 578 (1986). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. See <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144 (1970). Ordinarily it is the non-moving party who must defend his or her claim by proffering evidence to establish each element essential to it. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Here, however, the Defendant limits her argument to showing that the Plaintiff's claim remains subject of genuine dispute.

4. The Plaintiff emphasizes that he does not seek a full summary ruling on his claim, per se, but rather on the limited proposition referenced in ¶2 above. The Plaintiff seeks such a ruling in order to focus attention "on other remaining issues such as legal implications, consequences, damages and injunctive relief." However this approach does not lend itself to a summary ruling. First, despite his efforts to separate it out, the issue presented here still is very much interwoven with his claims for relief and the merits of his Complaint. It goes to the very heart of the dispute. Secondly, the even narrower proposition — that the Plaintiff received no help in his endeavor — is, by itself, not a critical factor to the case. Instead what the Plaintiff must establish is whether the Defendant owed him a legal duty to help, whether the Defendant was personally involved or responsible in the failure to help, and whether the Plaintiff incurred any harm as the result. It therefore would be more pragmatic to address the Plaintiff's claim on the whole and in this fuller context.

5. Thirdly the issue presented is not as self-evident as the Plaintiff implies. The Defendant directly disputes the Plaintiff's claim, both on the facts and the law. Implicit in his proposition, the Plaintiff seeks to establish that the Defendant was the actor, but the Defendant disputes any personal involvement in the Plaintiff's requests for assistance. She

explains that correspondence from her office group routinely bears her signature, whether she authored it or not. The proposition is premised on the occurrence of impersonation, but the Defendant contends that it was the Plaintiff's own letter of December 18, 2006 to the IRS divisional group that precipitated the May 15th, 2007 answer. If this is true, then there was no impersonation. And lastly the Defendant denies any legal duty to help the Defendant or answer his correspondence. These disputes alone precludes a summary ruling on the matter.

**ACCORDINGLY**, the Plaintiff's Motion for Summary Judgment should be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 11th day of September, 2008.

```
                                    FRANK J. LYNCH, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

cc:  Hon. K. Michael Moore
     Daniel E. Kowallek, pro se
     Stefanie C. Moon, AUSA